# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
COUNTRYWIDE HOME LOANS INC.,

                Plaintiff,

- against -

CHARLES H. ZIZI a/k/a CHARLES ZIZI, NYC ENVIRONMENTAL CONTROL BOARD, NYC PARKING VIOLATIONS BUREAU, NYC TRANSIT ADJUDICATION BUREAU, EASTERN SAVINGS BANK FSB, PETRO INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ACTING SOLELY AS NOMINEE FOR AMERICAN BROKERS CONDUIT and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, they being intended for tenants or other persons having an interest in the premises described in the complaint,

                Defendants.
-----------------------------------------------------------------X

Index No. 21346/08

Plaintiff designates KINGS County as the place of trial based on the location of the premises herein

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York, or if the United States of America is a party within the time specified by 28 USC section 2410); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

TO THE DEFENDANTS, except Charles H. Zizi aka Charles Zizi; The plaintiff makes no personal claim against you in this action.

**NOTICE**

**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Massapequa, New York
July 18, 2008

POLLACK COOPERMAN & FISHER, P.C.
*Attorneys for Plaintiff*

By:_____
Howard K. Pollack, Esq.
5372 Merrick Road - Suite 200
Massapequa, NY 11758
Tel: (516) 228-0033

**WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
COUNTRYWIDE HOME LOANS INC.,

                Plaintiff,

- against -

CHARLES H. ZIZI a/k/a CHARLES ZIZI, NYC ENVIRONMENTAL CONTROL BOARD, NYC PARKING VIOLATIONS BUREAU, NYC TRANSIT ADJUDICATION BUREAU, EASTERN SAVINGS BANK FSB, PETRO INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ACTING SOLELY AS NOMINEE FOR AMERICAN BROKERS CONDUIT and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, they being intended for tenants or other persons having an interest in the premises described in the complaint,

                Defendants.
-----------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

Plaintiff, by its attorneys POLLACK COOPERMAN & FISHER, P.C., complaining of the defendants, herein alleges as follows:

1. At all the times hereinafter mentioned, plaintiff was and still is a corporation organized under the laws of the United States of America and authorized to conduct business in the State of New York, having an office at 7105 Corporate Drive, Plano, TX 75024.

2. Upon information and belief, the above-mentioned non-individual entity defendants, if any, are organized and existing under the laws of the State of New York or qualified to do business in the State of New York or are corporations or partnerships doing business in the State of New York.

3. On or about October 17, 2006, CHARLES ZIZI, being indebted to AMERICAN BROKERS CONDUIT in the sum of $1,000,000.00 executed to it a note (the "Note") of that date in the sum of $1,000,000.00 with interest thereon, payable in installments of principal and interest commencing on December 1, 2006, and on the first day of each successive month until November,

2036, when the final installment would become due and payable. A copy of the Note is attached hereto as Exhibit "A".

4. (a) As collateral security for the payment of said indebtedness, the aforesaid person(s) also executed, acknowledged and delivered to Mortgage Electronic Registration Systems Inc. Acting Solely As Nominee For American Brokers Conduit a mortgage dated October 17, 2006, and recorded in KINGS County on November 3, 2006, in CRFN #2006000616135, wherein the borrower(s) mortgaged the premises described in "Schedule A" annexed hereto. A copy of the Mortgage is attached hereto at Exhibit "B". The mortgage tax was then and there duly paid.

(b) The mortgage was thereafter assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ACTING SOLELY AS NOMINEE FOR AMERICAN BROKERS CONDUIT to COUNTRYWIDE HOME LOANS INC., by instrument dated July 3, 2008, and recorded in the KINGS County City Register's Office on July 17, 2008, in CRFN #2008000284126. A copy of said assignment is attached hereto at Exhibit "C".

5. By virtue of the foregoing, the Plaintiff became and still is the owner and holder of said note and mortgage.

6. The defendant borrower(s) failed to comply with the terms and provisions of the mortgage and said instrument(s) secured by the mortgage, by failing and omitting to pay the following monthly payments each of which became due on the first day of the following respective months:

Months of August, 2007 through July, 2008.

Total amount of each monthly payment, including escrows, if any, for taxes and insurance: $6,354.17

7. More than thirty (30) days have elapsed since the said default occurred, and by reason thereof, plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

8. The following amounts are now due and owing on said mortgage and the instrument secured by said mortgage, no part of any of which has been paid although duly demanded:

ENTIRE PRINCIPAL BALANCE: $1,000,000.00

INTEREST THEREON FROM: July 1, 2007.

AT THE DEFAULT RATE SET FORTH IN THE NOTE. (Exhibit "A")

9. It was provided in the said mortgage, that in case of default in the payment of any sum of money or the interest thereon, or any part thereof, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ACTING SOLELY AS NOMINEE FOR AMERICAN BROKERS CONDUIT, its successors and assigns, were empowered to sell the said mortgaged premises according to law; the defendant(s) CHARLES H. ZIZI A/K/A CHARLES ZIZI now claim(s) to be the owner(s) in fee of the said premises.

10. The said mortgage contains express covenants in substance as follows:

The mortgagor will pay the indebtedness as hereinbefore provided; the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; the mortgagor will pay all ground rents, assessments, water rates and other governmental or municipal charges; the holder of this mortgage in any action to foreclose it shall be entitled to the appointment of a receiver without notice.

11. The terms of the above described instruments provide:

a) that the whole of said principal sum and interest shall become due at the option of the mortgagee after default in the payment of any installment of principal, or of interest;

b) that upon any default the mortgagor will pay to the mortgagee any sums paid for taxes, charges, assessments, and insurance premiums on said mortgaged premises.

12. In order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rental, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added to the sum otherwise due and be deemed secured by said mortgage and adjudged a valid lien on the premises herein described.

13. The plaintiff, pursuant to the provisions of said note and mortgage, has elected and does elect that the whole principal sum be immediately due and payable.

14. The said mortgage provides that, in case of sale under foreclosure, the premises may be sold in one parcel.

15. The defendants all have or claim to have some interest or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage or was in express terms or by law made subject thereto, or has been duly subordinated thereunto.

16. The defendants "JOHN DOE #1" through "JOHN DOE #10" may be tenants or may be in possession of the aforementioned premises.

17. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said mortgage or for the recovery of the sum secured by said note and mortgage or any part thereof.

18. Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a) Any state of facts that an inspection of the premises would disclose.
   b) Any state of facts that an accurate survey of the premises would show.
   c) Covenants, restrictions, easements and public utility agreements of record, if any.
   d) Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same.
   e) Any rights of tenants or persons in possession of the subject premises.
   f) Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale.
   g) Prior lien(s) of record, if any.

19. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

20. Mortgage Electronic Registration Systems Inc. Acting Solely As Nominee For American Brokers Conduit is named a party defendant herein because it is the record holder and owner of a mortgage that is subordinate to the plaintiff's Mortgage. The subordinate mortgage, dated October 17, 2006, was given by Charles Zizi to Mortgage Electronic Registration Systems Inc. Acting Solely As Nominee For American Brokers Conduit in the original principal amount of $250,000.00 and was recorded in KINGS County on November 3, 2006, in CRFN #2006000616136.

21. NYC Environmental Control Board, NYC Parking Violations Bureau, Eastern Savings Bank FSB and Petro Inc. are named party defendants herein by virtue of liens or judgments that may

be subordinate to the plaintiff's lien, inapplicable to the borrower defendant(s) or satisfied, but which remain of record, evidence of which is attached hereto at Exhibit "D".

22. NYC Transit Adjudication Bureau is named a party defendant herein because it may be a holder of a lien or judgment subordinate to the plaintiff's mortgage; however, due to the unavailability of the Judgment books in KINGS County, this could not be verified.

WHEREFORE, the plaintiff demands judgment that the defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of and to the said mortgaged premises and each and every part and parcel thereof; that the said premises may be decreed to be sold, according to law, subject to the terms set forth in paragraph "18" of this complaint; that the monies arising from the sale thereof may be brought into court; that the plaintiff may be paid the amount due on the note and mortgage as hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowances and disbursements of this action and together with any sums incurred by plaintiff pursuant to any term or provision of the note and mortgage set forth in this complaint, or to protect the lien of plaintiff's mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; and that the defendant(s), CHARLES ZIZI, unless otherwise discharged under the bankruptcy laws of the United States of America, may be adjudged to pay the whole residue, or so much thereof as the court may determine to be just and

equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event the plaintiff possesses any other lien against said mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, and that plaintiff may have such other and further relief, or both, in the premises, as may be just, proper and equitable together with the costs and disbursements of this action.

Dated: Massapequa, New York
       July 18, 2008

                              Yours etc.,

                              Pollack Cooperman & Fisher, P.C.
                              *Attorneys for Plaintiff*

                              By:_____
                                  Howard K. Pollack, Esq.
                                  5372 Merrick Road - Suite 200
                                  Massapequa, NY 11758
                                  Tel: (516) 228-0033





# SCHEDULE "A"

**Address:**
220 GREENE AVENUE
BROOKLYN, NY 11238

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF BROOKLYN, CITY AND STATE OF NEW YORK DESIGNATED ON THE TAX MAP OF THE CITY FOR SAID BOROUGH AS SAID TAX MAP WAS ON APRIL 27, 1976 KNOWN AS BLOCK 1968 LOT 107.

## VERIFICATION

The undersigned Affirmant, an attorney duly admitted to practice law in the courts of the state of New York, affirms under penalty that he is the attorney for the plaintiff referenced in the foregoing complaint. The undersigned affirms that he has read the foregoing complaint, that the contents of the foregoing complaint are based upon the records and information provided to him by the plaintiff and that he knows the contents of the complaint to be true, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, the undersigned believes them to be true.

The reason that this verification is made by the undersigned is that the managers and representatives of the plaintiff familiar with this matter are not located within the county in which the undersigned maintains his office.

Dated: Massapequa, New York
       July 18, 2008

                                                    _____
                                                    Howard K. Pollack

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT
## (THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED

1. THE AMOUNT OF THE DEBT IS STATED IN THE COMPLAINT HERETO ATTACHED.

2. THE PLAINTIFF AS NAMED IN THE ATTACHED SUMMONS AND COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3. THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4. IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5. IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED SUMMONS AND COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6. REQUESTS SHOULD BE ADDRESSED TO POLLACK, COOPERMAN & FISHER, P.C. 5372 MERRICK ROAD, SUITE 200, MASSAPEQUA, NEW YORK, 11758, (516) 228-0033

7. THE ABOVE REFERENCED THIRTY (30) DAYS TIME PERIOD IN WHICH THE DEBTOR MAY DISPUTE THIS DEBT SHALL IN NO WAY AMEND OR EXTEND SAID DEBTOR'S STATUTORY TIME PERIOD, AS STATED IN THE ATTACHED SUMMONS, TO INTERPOSE AN ANSWER TO THE COMPLAINT IN THIS MATTER.