# EXHIBIT K

**JACOBS, P.C.**
*Special Litigation Counsel to the Debtor,*
*Green Group 11 LLC*
**667 Madison Avenue - 5th Floor**
**New York, NY 10065**
**Leo Jacobs, Esq.**
**(718) 228-2576**
**Leo@Jacobspc.com**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re

**GREEN GROUP 11 LLC,**  19-40115-NHL

                                                             Chapter 11

                       **Debtor.**
---------------------------------------------------------X
**GREEN GROUP 11 LLC,**

                       **Plaintiff,**  Adv. No.
-against-  21-

**U. S. BANK NATIONAL ASSOCIATION AS**
**LEGAL TITLE TRUSTEE FOR TRUMAN**
**2016 SC6 TITLE TRUST,**

                     **Defendant.**

---------------------------------------------------------X

## COMPLAINT

The Plaintiff, Green Group 11 LLC, Debtor and Debtor in Possession ("Green" or the "Plaintiff"), by its attorneys for its complaint, states:

Buckskin Realty, Inc., Debtor and Debtor in Possession ("Buckskin" or the

                     "Debtor"), represents:

## **PARTIES**

1. The Plaintiff is the Debtor and Debtor in Possession in this case.

**2.** The Plaintiff's address is 1202 Halsey Street, Brooklyn, NY 11207.

3. Upon information and belief, the Defendant, U. S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") is a domestic entity maintaining offices within the United States of America.

## **BACKGROUND AND JURISDICTION**

4. Green filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 8, 2019.

5. Green continues to operate its business and control its property as debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

6. Green's business is owning, operating and developing real property located at 220 Greene Avenue, Brooklyn, New York 11238 (the "Property").

7. No committee of unsecured creditors has been appointed in this case.

8. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

9. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

10. The Plaintiff consent to this Court entering a final judgment or order in this action.

11. This matter concerns a "public right."

12. This district is the appropriate district to consider this Action, pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS UNDERLYING CLAIMS

13. The Property's description is Block 1966, Lot 107, in the Borough of Brooklyn, City of New York.

14. On or about October 17, 2006, Charles Zizi ("Zizi") owned the Property.

15. On or about October 17, 2006. Zizi delivered to American Brokers Conduit ("American") a document entitled "Mortgage" (the "Mortgage").

16. According to the Mortgage, Zizi granted American a mortgage interest in real property described and identified as Block 1968, Lot 107, in the Borough of Brooklyn, City of New York.

17. According to the Mortgage, the Mortgage secured a $1,000,000 debt.

18. On or about October 27, 2006, the New York City Department of Finance Office of the City Registrar filed the Mortgage.

19. Upon information and belief, the Mortgage did grant American a mortgage lien on the Property.

20. The Mortgage does not properly describe the Property.

21. Upon information and belief, the Mortgage is not properly indexed.

22. Upon information and belief, the Mortgage is defective.

23. Upon information and belief, the Mortgage and its recording do not comply with applicable New York State law.

24. Through a series of transfers, Green became the Property's owner.

25. Green became the Property's owner before this case was filed.

26. Upon information and belief, through a series of transfers, US Bank became the

Mortgage's holder.

27. US Bank filed a proof of claim in this case, based on the Mortgage and related note (the "Proof of Claim").

28. The Proof of Claim is for the sum of $1,719,766.39.

## FIRST CLAIM FOR RELIEF - 11 U.S.C. § 544(a)

29. The Plaintiff repeats the statements contained in paragraphs numbered "1" through "28" of this Complaint as if stated fully here.

30. Upon information and belief, pursuant to applicable New York State law, the Mortgage and any lien purportedly obtained through the Mortgage are void as against one who purchased the Property from the Debtor, in good faith, for valuable consideration and whose conveyance is recorded first.

31. Upon information and belief, Green has the powers of a fully perfected *bona fide* purchaser the Property, from the Debtor, in good faith and for valuable consideration.

32. By reason of the foregoing and 11 U.S.C. § 544(a)(3), Green may avoid the Mortgage.

## SECOND CLAIM FOR RELIEF - 11 U.S.C. § 550

33. The Plaintiff repeats the statements contained in paragraphs numbered "1" through "32" of this Complaint as if stated fully here.

34. Pursuant to 11 U.S.C. § 550(a)(1) and (2), Green may recover the value of the Mortgage from the purported mortgagee, US Bank.

35. By reason of the foregoing, US Bank is liable to Green for a sum to be determined at

trial, but not less than $1,719,766.39.

### THIRD CLAIM FOR RELIEF - Declaratory Judgment 28 U.S.C. § 2201

36. The Plaintiff repeats the statements contained in paragraphs numbered "1" through "35" of this Complaint as if stated fully here.

37. An actual, present and justiciable controversy exists between Green and US Bank concerning whether US Bank has a lien on the Property.

38. An actual, present and justiciable controversy exists between Green and US Bank concerning whether US Bank has a lien on the Property which is enforceable against Green's bankruptcy estate.

39. Green seeks declaratory judgment from this Court concerning the validity and enforcabilty of the Mortgage as against the Property.

40. Green seeks a declaratory judgment from this Court concerning the validity and enforcabilty of any lien purportedly granted by the Mortgage as against the Property.

WHEREFORE, Green requests judgment in its favor and against the Defendant as follows:

a.) **First Claim for Relief:** A judgment, pursuant to 11 U.S.C. § 544(a), voiding the Mortgage and any lien purportedly on the Property by reason of the Mortgage;

b.) **Second Claim for Relief**: A money judgment in a sum to be determined at trial, but not less than $1,719,766.39;

c.) **Third Claim for Relief**: a declaratory judgment from this Court concerning the validity and enforcabilty of: I) the Mortgage as against the

        Property; II) any lien purportedly granted by the Mortgage as against the Property;

d.) Green's costs and disbursements in bringing this action; and

e.) Such other and further relief as this Court deems proper.

Dated: New York, NY
       September 7, 2021

                      JACOBS, P.C.
                      *Special Litigation Counsel to the Debtor,*
                      *Green Group 11 LLC*
                      667 Madison Avenue - 5th Floor
                      New York, NY 10065
                      (718) 228-2576

                      By: /s/ Leo Jacobs Officer
                            Leo Jacobs

| 1040 (Form 1040) (12/15) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |
| **PLAINTIFF(S)** | **DEFENDANT(S)** | |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) | |
| **PARTY** (Check One Box Only)<br>　Debtor　　U.S. Trustee<br>　Creditor　Trustee　　Other | **PARTY** (Check One Box Only)<br>　Debtor　　U.S. Trustee<br>　Creditor　Trustee　　Other | |
| **CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.) | | |

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>　11 – Recovery of money/property - § 542 turnover of property<br>　12 – Recovery of money/property - § 547 preference<br>　13 – Recovery of money/property - § 548 fraudulent transfer<br>　14 – Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>　21 – Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>　31 – Approval of sale of property of estate and of a co-owner - § 363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>　41 – Objection/revocation of discharge - § 727(c), (d), (e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>　51 – Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>　66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims<br>　62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>　67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>　**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>　61 – Dischargeability - § 523(a)(5), domestic support<br>　68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>　63 – Dischargeability - § 523(a)(8), student loan<br>　64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)<br>　65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>　71 – Injunctive relief – imposition of stay<br>　72 – Injunctive relief – other<br><br>**FRBP 7001(8) – Subordination of Claim or Interest**<br>　81- Subordination of claim or interest<br><br>**FRBP 7001(9) – Declaratory Judgment**<br>　91 – Declaratory judgment<br><br>**FRBP 7001(10) – Determination of Removed Action**<br>　01 – Determination of removed claim or cause<br><br>**Other**<br>　SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.<br>　02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| 　Check if this case involves a substantive issue of state law | 　Check if this is asserted to be a class action under FRCP 23 |
| 　Check if a jury trial is demanded in complaint | Demand:  $ |
| Other Relief Sought: | |

1040 (Form 1040) (12/15), Page 2

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |
| DATE | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.