UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE:                                        (Chapter 11)
                                              Case No.: 1-19-40115-NHL
GREEN GROUP 11 LLC,
                                              Hon. NANCY HERSHEY LORD
                        Debtor.
-------------------------------------------------------------X

GREEN GROUP 11 LLC,

                        Plaintiff,            A.P. No.: 1-21-01171-NHL

        v.

U.S. BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN 2016
SC6 TITLE TRUST,

                        Defendant.
-------------------------------------------------------------X

## DEFENDANT, U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE ADVERSARY COMPLAINT

### J. ROBBIN LAW PLLC
200 Business Park Drive
Suite 103
Armonk, New York 10504
(914) 685-5016
*Attorneys for Defendant,*
*U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust*

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................................... 1

    A.   The Loan ........................................................................................................... 1

    B.   The Foreclosure Action.................................................................................... 3

    C.   The Transfer of the Property............................................................................ 3

    D.   The Bankruptcy Action.................................................................................... 4

    F.   The Adversary Proceeding................................................................................ 5

REQUESTED RELIEF............................................................................................... 6

BASIS FOR THE RELIEF REQUESTED................................................................... 6

I.        STANDARD FOR DISMISSAL ................................................................... 6

        A.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) ................ 6

ARGUMENT ............................................................................................................. 8

II.     PLAINTIFF'S ADVERSARY COMPLAINT MUST BE DISMISSED
       BECAUSE IT FAILS TO STATE A CAUSE OF ACTION PURSUANT TO
       RULE 12(b)(6)............................................................................................... 8

        A.   U.S. Bank Maintains a Valid First Position Lien Secured Against the Property.. 9

        B.   Plaintiff Cannot Seek to Void the Mortgage Pursuant to 11 U.S.C. § 544(a)(3)
            Because it is Not a *Bona Fide* Purchaser .......................................... 13

        C.   Plaintiff Lacks Standing to Assert its Claims Because it is Not the Record
            Owner of the Property ......................................................................... 17

        D.   Plaintiff Cannot Recover the Value of the Mortgage from U.S. Bank
            Pursuant to 11 U.S.C. § 550(a)(1)...................................................... 19

CONCLUSION......................................................................................................... 20

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)............................................................................ 6, 7

*Astoria Fed. Sav. & Loan Ass'n v. June*,
    190 A.D.2d 644, 593 N.Y.S.2d 250 (2d Dep't 1993).......................................... 10, 11, 12

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).................................................................................................. 7

*BC Liquidating, LLC v. Weinstein (In re BC Funding, LLC)*,
    519 B.R. 394 (Bankr. E.D.N.Y. 2014)................................................................................ 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................................ 6

*Cartee Industries, Inc. v. Sum Holding*, L. P.,
    949 F.2d 42 (2d Cir. 1991).................................................................................................. 7

*Congregation Yetev Lev D'Samtar v. 26 Adar N.B. Corp.*,
    219 A.D.2d 186, 641 N.Y.S.2d 680 (2d Dep't 1996)....................................................... 13

*Davis v. Davis*,
    95 A.D.2d 674, 463 N.Y.S.2d 462 (1st Dep't 1983)......................................................... 12

*Fairmont Funding, Ltd. V. Stefansky*,
    301 A.D.2d 562, 754 N.Y.S.2d 54 (2d Dep't 2003) ......................................................... 16

*First Nat'l Bank v. Nat'l Broadway Bank*,
    156 N.Y. 459 (1898) ......................................................................................................... 14

*Geltzer v. Borriello (In re Borriello)*,
    329 B.R. 367 (Bankr. E.D.N.Y. 2005)............................................................................. 20

*Golisano v. Turek*,
    2015 WL 3522470, 2015 U.S. Dist. LEXIS 72559 (W.D.N.Y. 2015) .............................. 7

*Green Tree Servicing, LLC v. Molini*,
    171 A.D.3d 880, 98 N.Y.S.3d 136 (2d Dep't 2019) ......................................................... 12

*Gustavia, LLC v. Lenoci*,
    2017 U.S. Dist. LEXIS 145908 (E.D.N.Y. Sept. 17, 2017)................................................ 8

*Harris v. N. Y State Dep 't of Health*,
    202 F. Supp. 2d 143 (S.D.N.Y. 2002)................................................................. 8

*Herman v. 36 Gramercy Pk. Realty Assoc., LLC*,
    2017 N.Y. Misc. LEXIS 1536, 2017 N.Y. Slip. Op. 30835(U)
    (Sup. Ct. N.Y. Cnty. April 21, 2017)............................................................... 17

*HSBC Bank USA v. Demir*,
    2013 WL 2282189 (Sup. Ct. Suffolk Cnty. May 10, 2013)............................... 10

*IKB Int 'IS.A. v. Bank of Am. Corp.*,
    2014 U.S. Dist. LEXIS 46549 (S.D.N.Y. 2014)............................................... 7

*In re Asher*,
    488 B.R. 58 (Bankr. E.D.N.Y. 2013)..................................................... 14, 16, 17

*In re Balco Quities Ltd.*,
    2006 Bankr. LEXIS 5055 (Bankr. S.D.N.Y. Mar. 28, 2006) ........................... 14

*In re Frito-Lay North America, Inc. All Natural Litigation*,
    2013 WL 4647512, 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y. 2013) ............. 8

*Jackson v. New York*,
    523 Fed. Appx. 67 (2d Cir. 2013)..................................................................... 7

*Kirsch v. Tozier*,
    143 N.Y. 390 (1894) ......................................................................................... 14

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)............................................................................... 7

*Nationstar Mortg., LLC v. Chan*,
    2017 U.S. Dist. LEXIS 149505 (E.D.N.Y. Sept. 13, 2017)............................... 8

*O'Connell v. JP Morgan Chase Bank Assoc.*,
    2012 U.S. Dist. LEXIS 275388 (E.D.N.Y. Feb. 2012).................................... 16

*Puzzuoli v. JPMorgan Chase Bank, N.A.*,
    55 Misc.3d 417, 49 N.Y.S.3d 228 (Sup. Ct. Dutchess Cnty. Nov. 29, 2016)................... 17

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000)............................................................................... 7

*TD Bank, N.A. v. Zysk*,
    2020 N.Y. Misc. LEXIS 5396 (Sup. Ct. Suffolk Cnty. Feb. 25, 2020)........................... 10

*Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*,
    464 B.R. 606 (Bank. S.D.N.Y. 2012) ............................................................. 19

*U.S. Bank Nat'l Ass'n v. Gestetner*,
    103 A.D.3d 962, 960 N.Y.S.2d 227 (3d Dep't 2013) ...................................................... 12

*Washington Mutual Bank v. Sholomov*,
    20 Misc.3d 773, 862 N.Y.S.2d 890 (Sup. Ct. Nassau Cnty. 2008) ................................. 17

*Washington Temple Church of God in Christ, Inc. v. Global Props. & Assoc., Inc.*,
    55 A.D.3d 727, 865 N.Y.S.2d 641 (2d Dep't 2008) .................................................. 11, 12

*Williamson v. Brown*,
    15 NY 354 (1857) ........................................................................................................... 18

*Wilshire Credit Corp. v. Y.R. Builders, Inc.*,
    262 A.D.2d 404, 691 N.Y.S.2d 152 (2d Dep't 1999) ..................................................... 10

*Yen-Te Hsueh Chen v. Geranium De. Corp.*,
    243 A.D.2d 708, 663 N.Y.S.2d 288, 289 (2d Dep't 1997) ............................................. 18

## **Statutes**

11 U.S.C. § 541 ................................................................................................................. 18

11 U.S.C. § 544 ......................................................................................................... *passim*

11 U.S.C. § 550 ....................................................................................................... 1, 8, 9, 19

28 U.S.C. § 2201 ................................................................................................................. 8

CPLR 203 ......................................................................................................................... 12

CPLR 3216 ........................................................................................................................ 3

FRCP Rule 8 ...................................................................................................................... 6

FRCP Rule 12 ............................................................................................................. 1, 6, 7

FRCP Rule 56 .................................................................................................................... 7

FRBP Rule 7012 ................................................................................................................ 6

N.Y. Real Property Law § 291 ........................................................................... 13, 15, 16, 17

N.Y. Real Property Law § 266 ..................................................................................... 15

N.Y. Real Property Law § 265 ................................................................................. 17, 18

## PRELIMINARY STATEMENT

Defendant, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Defendant" or "U.S. Bank"), by and through its attorneys, J. Robbin Law, PLLC, respectfully submits its Memorandum of Law in support of its Motion to Dismiss seeking an Order: (1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12 (b)(6)"), dismissing, with prejudice, Plaintiff, Green Group 11 LLC's ("Plaintiff"), Adversary Complaint; and (2) granting such other and further relief as this Court may deem just and proper.

Plaintiff's Adversary Complaint seeks to void and expunge the mortgage secured against the property on the sole basis that the mortgage was purportedly not properly described, recorded and/or indexed.  But, Plaintiff's claims must be dismissed because: (a) U.S. Bank maintains a valid first position lien secured against the Property; (b) Plaintiff cannot seek to void the Mortgage pursuant to 11 U.S.C. § 544(a)(3) because it is not a *bona fide* purchaser; (c) Plaintiff lacks standing to assert its claims because it is not the record owner of the Property; and (d) Plaintiff cannot recover the value of the Mortgage pursuant to 11 U.S.C. § 550(a)(1).

For these reasons, Amended Adversary Complaint must be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    The Loan

On October 17, 2006, non-party borrower, Charles Zizi ("Borrower") obtained title to the property located at 220 Greene Avenue, Brooklyn, New York 11238 ("Property").  *See* Declaration in Support of Rushmore, as Servicer for Truman's, Motion to Dismiss the Amended Complaint executed by Jonathan M. Robbin, Esq. of J. Robbin Law, PLLC ("Robbin Decl."), ¶ 2; *see also* **Exhibit A** (Borrower Deed) to Robbin Decl.  To memorialize the purchase of the Property,

Borrower executed a deed dated October 17, 2006, and recorded in the City Register of the City of New York ("City Register") on November 3, 2006 in City Register File Number ("CRFN") 2006000616134 ("Borrower Deed").  *Id.*

To purchase the Property, on October 17, 2006, Borrower executed a note ("Note") in the original principal amount of $1,000,000.00 to American Brokers Conduit ("American Brokers"). The Note was indorsed, as follows: (i) specifically to Countrywide Home Loans, Inc. ("Countrywide") by American; and (ii) in blank by Countrywide. *See* **Exhibit J** (Proof of Claim) to Robbin Decl.

To secure repayment of the Note, Borrower executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for American Brokers, its successors, and assigns, dated October 17, 2006 ("Mortgage") secured against the Property. The Mortgage was properly recorded in the Office of the City Register on November 3, 2006 in CRFN 2006000616135.  *See* **Exhibit J** (Proof of Claim) to Robbin Decl.  The Note and Mortgage shall together be referred to herein as the "Loan" or "Loan Documents."

The Mortgage was, thereafter, transferred, as follows: (1) from MERS, acting as nominee for American, its successors and assigns, to Countrywide via assignment of mortgage dated July 3, 2008 and recorded in the City Register on July 17, 2008 in CRFN 2008000284126; (2) from Countrywide to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 5 ("Christiana") via assignment of mortgage dated January 28, 2016 and recorded in the City Register on March 14, 2016 in CRFN 2016000087988; and (3) from Christiana to Defendant via assignment of mortgage dated June 30, 2017 and recorded in the City Register on July 24, 2017 in CRFN 2017000271292 (collectively, the "Assignments of Mortgage").  *See* **Exhibit J** (Proof of Claim) to Robbin Decl.

Borrower defaulted under the Loan by failing to make payments when due under the Loan.

**B.**    **The Foreclosure Action**

On July 22, 2008, U.S. Bank's predecessor, Countrywide Home Loans Inc. ("Countrywide"), commenced an action to foreclose in the Supreme Court of the State of New York, County of Kings ("Foreclosure Court") entitled *Countrywide Home Loans Inc. v. Zizi*, *et al*, at Index Number 21346/2008 ("Foreclosure Action").  *See* Robbin Decl., ¶ 3; *see also* **Exhibit B** (Foreclosure Complaint) to Robbin Decl.

On January 16, 2014, the Foreclosure Court issued a Conditional Order of Dismissal dismissing the Foreclosure Action pursuant to CPLR 3216.   *See* Robbin Decl., ¶ 4; *see also* **Exhibit C** to Robbin Decl.

On December 17, 2018, U.S. Bank moved via order to show case to vacate the Conditional Order of Dismissal ("OSC").  *See* Robbin Decl., ¶ 5.

Prior to the Foreclosure Court's signing of the OSC, on January 8, 2019 (the "Petition Date"), and in an effort to avoid the OSC, Plaintiff filed a petition ("Bankruptcy Petition") under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code").   *See* Robbin Decl., ¶ 6.

The OSC remains pending in the Foreclosure Action, and the Foreclosure Action remains stayed as a result of the filing of the Bankruptcy Petition.  *See* Robbin Decl., ¶ 7.

**C.**    **The Transfer of the Property**

While in default and during the pendency of Foreclosure Action, Borrower deeded the Property to 10821 Holdings LLC pursuant to a Bargain and Sale Deed with Covenant against Grantor's Acts (Individual or Corporation) deed dated November 14, 2013 and recorded in the Office of the City Register on December 9, 2013 at CRFN 2013000505428 ("10821 Holdings Deed").  *See* Robbin Decl., ¶ 8; *see also* **Exhibit D** to Robbin Decl.

Thereafter, Borrower timely rescinded the 10821 Holdings Deed pursuant to a Notice of Rescission dated December 4, 2015 and recorded in the Office of the City Register on December 9, 2015 at CRFN 2015000436679 ("Notice of Rescission").[1]  *See* Robbin Decl., ¶ 9; *see also* **Exhibit E** to Robbin Decl.

Nearly a year after the Notice of Rescission was recorded, a deed dated September 1, 2016 among 10821 Holdings LLC, as grantor, and Plaintiff, as grantee, was recorded in the Office of the City Register on September 26, 2016 at CRFN 2016 000334069 ("Plaintiff's Deed").  *See* Robbin Decl., ¶ 11; *see also* **Exhibit G** to Robbin Decl.

## D.    The Bankruptcy Action

On January 8, 2019, Plaintiff filed the Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of New York captioned *In re: Green Group 11 LLC,* at Case Number 19-4-10115-NHL ("Bankruptcy Action"). [Bankruptcy ECF Doc. No. 1].  *See* Robbin Decl., ¶ 13; *see also* **Exhibit I** (Bankruptcy Petition) to Robbin Decl.

On April 12, 2019, U.S. Bank filed its Proof of Claim and, thereafter, filed a Notice of Assignment of Claim.  [Proof of Claim 7-1; Bankruptcy ECF Doc. No. 84].  *See* Robbin Decl., ¶ 14; *see also* **Exhibit J.**

On April 23, 2019, U.S. Bank moved to seek relief from the automatic bankruptcy stay as to the Property. [Bankruptcy ECF Doc. No. 25].  *See* Robbin Decl., ¶ 15.

On May 23, 2019, creditor, Florida Corporate Funding, Inc. ("FCF"), opposed U.S. Bank's Motion for relief from the automatic bankruptcy stay as to the Property.  [Bankruptcy ECF Doc. No. 37].  *See* Robbin Decl., ¶ 16.

---

[1] The Notice of Rescission was recorded twice with the Office of the City Register of the City of New York.  The second recording was recorded on December 15, 2015 at CRFN 2015000442730.  *See* Robbin Decl., ¶ 10; *see also* **Exhibit F** to Robbin Decl.

On May 28, 2019, Plaintiff opposed U.S. Bank's Motion for relief from the automatic bankruptcy stay as to the Property.  [Bankruptcy ECF Doc. No. 38].  *See* Robbin Decl., ¶ 17.

On May 29, 2019, U.S. Bank filed a reply in further support of U.S. Bank's Motion for relief from the automatic bankruptcy stay as to the Property.  [Bankruptcy ECF Doc. No. 39].  *See* Robbin Decl., ¶ 18.

On June 14, 2019, FCF filed a Motion to object and expunge U.S. Bank's Proof of Claim and filed a Disclosure Statement.  [Bankruptcy ECF Doc. Nos. 50, 48].  *See* Robbin Decl., ¶ 19.

On July 11, 2019, U.S. Bank opposed FCF's Motion to object and expunge U.S. Bank's Proof of Claim and objected to FCF's approval of the Disclosure Statement.  [Bankruptcy ECF Doc. Nos. 54-55].  *See* Robbin Decl., ¶ 20.

On July 29, 2019, FCF filed a reply in further support of its Motion to object and expunge U.S. Bank's Proof of Claim.  [Bankruptcy ECF Doc. No. 58].  *See* Robbin Decl., ¶ 21.

The Motions have been repeatedly adjourned and remain open as a decision has not yet been rendered.  [Bankruptcy ECF, *generally*].  *See* Robbin Decl., ¶ 22.

**F.**    **The Adversary Proceeding**

On September 8, 2021, Plaintiff filed a complaint ("Adversary Complaint") captioned *Green Group 11 LLC v. U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust* at Case Number 1-21-01171-NHL ("Adversary Proceeding"). [Adversary ECF Doc. No. 1].   *See* Robbin Decl., ¶ 23; *see also* **Exhibit K** to Robbin Decl.

U.S. Bank now moves to dismiss the Adversary Complaint, with prejudice.  *See* Robbin Decl., ¶ 24.

**REQUESTED RELIEF**

U.S. Bank respectfully requests entry of an Order dismissing the Adversary Complaint in its entirety, with prejudice, pursuant to Rule 12 (b)(6) for failure to state a claim.

**BASIS FOR THE RELIEF REQUESTED**

**I.      STANDARD FOR DISMISSAL**

Rule 12 (b)(6) is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure (FRBP) 7012. *See* FRBP 7012 (b); *see also BC Liquidating, LLC v. Weinstein (In re BC Funding, LLC),* 519 B.R. 394 (Bankr. E.D.N.Y. 2014) (12(b)(6) is applicable to the adversary proceeding pursuant to FRBP 7012(b)).

**A.      Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"A motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6) requires a determination of whether the complaint properly states a claim under Fed. R. Civ. P. 8 (made applicable to adversary proceedings by Fed. R. Bankr. P. 7008)." *BC Liquidating, LLC,* 519 B.R. at 417-118.

To survive a motion to dismiss under Rule 12 (b)(6), plaintiff must make a "showing, rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3, 127 S. Ct. 1955 (2007).

Dismissal is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009). To state a facially-plausible claim, a plaintiff must plead the "factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In short, the complaint must demonstrate the pleader is entitled to relief by presenting factual

allegations moving the claims beyond a possible entitlement to relief, to a plausible entitlement to relief. *Ashcroft*, 556 U.S. at 679.

A court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference ... and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit on a motion to dismiss." *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).[2]

Further, the court can consider, on a motion to dismiss, matters subject to judicial notice, including decisions and pleadings in related proceedings. *Jackson v. New York,* 523 Fed. Appx. 67, 68 (2d Cir. 2013); *see also Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991) (a court is permitted to take judicial notice of matters of public record when considering a motion to dismiss); *IKB Int 'IS.A. v. Bank of Am. Corp.,* 2014 U.S. Dist. LEXIS 46549 (S.D.N.Y. 2014) (on a motion to dismiss "[t]he Court also may consider 'matters of which judicial notice may be taken.'").

Specifically, a district court can "take judicial notice of documents filed in other courts .. . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774. Additionally, a court "may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other

---

[2] *See also See Golisano v. Turek,* 2015 WL 3522470, at *2, 2015 U.S. Dist. LEXIS 72559 (W.D.N.Y. 2015) (reviewing papers outside of the complaint to determine a motion to dismiss and quoted the Court of Appeals decision in *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) when it stated "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."); *Rothman*, 220 F.3d at 88; *Cartee Industries, Inc. v. Sum Holding*, L. P., 949 F.2d 42, 47 (2d Cir. 1991) ("when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure ... [w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12 (b)(6) motion into one under Rule 56 is largely dissipated").

judicial proceedings that contradict the party's factual assertions in a subsequent action." *Harris v. N. Y State Dep 't of Health*, 202 F. Supp. 2d 143, 173 n. 13 (S.D.N.Y. 2002). The court may take judicial notice of facts and documents in support of a motion to dismiss. *In re Frito-Lay North America, Inc. All Natural Litigation,* 2013 WL 4647512, at *3-4 (E.D.N.Y. 2013).

Last, the court can take judicial notice of the documents on the Automated City Register Information System ("ACRIS") database.  *See Gustavia, LLC v. Lenoci*, 2017 U.S. Dist. LEXIS 145908, at *11 (E.D.N.Y. Sept. 17, 2017) ("[t]he Court has accessed the ACRIS database and takes judicial notice of another mortgage on the Property that Gustavia Home has not mentioned in its filings."); *see also Nationstar Mortg., LLC v. Chan*, 2017 U.S. Dist. LEXIS 149505, at *2, fn 5 (E.D.N.Y. Sept. 13, 2017) ("Nationstar did not submit a copy of the deed with its filings in this case.  The Court has accessed the deed and takes judicial notice of it and other public documents at the Automated City Register Information System ('ACRIS') website.").

Thus, this Court should take judicial notice of the Foreclosure Action, Bankruptcy Action, and all Deeds and land documents recorded on ACRIS for purposes of this Motion to determine that U.S. Bank has a valid first position lien secured against the Property that cannot be voided.

Here, the Adversary Complaint fails to meet this minimal standard and must be dismissed, with prejudice.

## <u>ARGUMENT</u>

II.    **<u>PLAINTIFF'S ADVERSARY COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CAUSE OF ACTION PURSUANT TO RULE 12(b)(6)</u>**

Plaintiff's Adversary Complaint seeks to: (1) void the Mortgage pursuant to 11 U.S.C. § 544(a)(3); (2) recover the value of the Mortgage pursuant to 11 U.S.C. § 550(a)(1) and (2); and (3) obtain a declaratory judgment that the Mortgage is not valid or enforceable against the Property pursuant to 28 U.S.C. § 2201.  *See* **Exhibit K** (Adversary Complaint), First through Third Claims

for Relief.  All of Plaintiff's causes of action seek to void and expunge the Mortgage on the basis that the Mortgage was not properly recorded and/or indexed.  But, these Claims must be dismissed because: (a) U.S. Bank maintains a valid first position lien secured against the Property; (b) Plaintiff cannot seek to void the Mortgage pursuant to 11 U.S.C. § 544(a)(3) because it is not a *bona fide* purchaser; (c) Plaintiff lacks standing to assert its claims because it is not the record owner of the Property; and (d) Plaintiff cannot recover the value of the Mortgage pursuant to 11 U.S.C. § 550(a)(1).

### A.    U.S. Bank Maintains a Valid First Position Lien Secured Against the Property

Plaintiff seeks a declaratory judgment "concerning the validity and enforceability of the Mortgage as against the Property" because: (1) "the Mortgage does not properly describe the Property"; (2) "the Mortgage is not properly indexed"; (3) "the Mortgage is defective"; and (5) "the Mortgage and its recording do not comply with applicable New York State law."  *See* **Exhibit K** (Adversary Complaint), ¶¶ 20-23.  But Plaintiff's challenges to the Mortgage's legal description and recording are meritless.

Plaintiff's sole basis for its claims seeking to expunge the mortgage is that the legal description contained in the Mortgage is "defective." *See* **Exhibit K** (Adversary Complaint), ¶ 22. But this argument is simply wrong.  As discussed in further depth below, although the Property description in the body of the Mortgage states that the Property is located at Block 1968 Lot 107, the actual Property description and the recording page of the Mortgage accurately indicates that the Mortgage was properly recorded and indexed under the correct block and lot – Block 1966 Lot 107.  This mistake is merely a scrivener's error and does not invalidate the Mortgage.

First, Plaintiff had actual notice of the Mortgage on the Property because it was properly indexed and recorded against the Property, which is evidenced by the ACRIS Land Records, evidencing that the Mortgage was recorded and indexed against the correct Block and Lot.  *See*

**Exhibit J** and **Exhibit H** to Robbin Decl**.**   Regardless, New York law is clear: any purported discrepancy in the property description contained in the mortgage does not invalidate the mortgage as a matter of law.  *See HSBC Bank USA v. Demir*, 2013 WL 2282189 (Sup. Ct. Suffolk Cnty. May 10, 2013) (holding there is no law to support that a discrepancy in a property description invalidates a mortgage). An inaccuracy in a property description cannot invalidate a mortgage unless it is completely impossible by any rule of construction to ascertain what property is seeking to be conveyed. *TD Bank, N.A. v. Zysk*, 2020 N.Y. Misc. LEXIS 5396 (Sup. Ct. Suffolk Cnty. Feb. 25, 2020); *see also Wilshire Credit Corp. v. Y.R. Builders, Inc.*, 262 A.D.2d 404, 404, 691 N.Y.S.2d 152 (2d Dep't 1999) ("[s]ince the inaccuracy amounted only to typographical errors, the mortgage sufficiently described the property to be foreclosed upon").

Here, the Mortgage was correctly recorded in the City Register on November 3, 2006 in CRFN 2006000616135.  *See* **Exhibit J** and **Exhibit H** to Robbin Decl**.**   Despite the scrivener's error in describing the Property as Block 1968, as opposed to 1966, the Mortgage was recorded against the correct Property and accurately describes the Property. Further, the recording page accurately indicates that the Property is located at Block 1966 Lot 107 with the address 220 Greene Avenue, Brooklyn, New York, which is the correct Block and Lot assigned to the Property.  *See* **Exhibit J** and **Exhibit H** to Robbin Decl**.**  Thus, the Mortgage not only sufficiently described the metes and bounds of the Property, but was properly recorded and indexed.  *See Astoria Fed. Sav. & Loan Ass'n v. June*, 190 A.D.2d 644, 645-646, 593 N.Y.S.2d 250 (2d Dep't 1993) (stating that the deed was properly recorded and indexed under the correct lot number).  The Property at issue is in Kings County, which uses a block and lot system, and Plaintiff is charged with notice of all matters indexed under that block and lot regardless of whether it appears directly in title. *See Washington Temple Church of God in Christ, Inc. v. Global Props. & Assoc., Inc.,* 55 A.D.3d 727,

728, 865 N.Y.S.2d 641 (2d Dep't 2008) (defendant "was charged with record notice of all matters indexed under the block and lot numbers corresponding to the premises, regardless of whether such information also appeared in its direct chain of title."). Thus, Plaintiff fails to state a claim as it cannot be said that there is no possible way to ascertain the Property.

Second, even if a mortgage contains minor discrepancies and was indexed under an erroneous lot number, which it does not, the specific reference to the mortgage in the deed further puts Plaintiff on constructive notice of the mortgage and property at issue. *See June*, 190 A.D.2d at 645-646.

In *June*, the defendants sought to void and expunge plaintiff's mortgage, arguing that it was never properly recorded in the chain of title because it was indexed under an erroneous lot number and, thus, they were *bona fide* purchasers for value. 190 A.D.2d at 645. The Appellate Division, Second Department, explained that a purchaser must ascertain whether the property is encumbered by mortgages. *Id.* The Second Department went on to state: "[t]he intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led." *Id.* The Second Department held:

> the existence of the mortgage lien was clearly recited in the deed conveying the encumbered property to the respondents' predecessor-in-interest. This conveyance was properly recorded and indexed under the correct lot number. The respondents therefore had constructive notice of the plaintiff's mortgage and they were chargeable with the duty to make further inquiry to determine whether the lien had been satisfied. Under the circumstances, the respondents cannot claim to be bona fide purchasers without notice of the prior lien, and summary judgment should have been granted in favor of the plaintiff.

*June*, 190 A.D.2d at 645-646 (internal citation omitted); *see also Washington Temple Church of God in Christ, Inc.*, 55 A.D.3d at 728 (holding defendant was on record notice of all matters indexed against the property).

Here, no different than *June,* even if the Mortgage was not properly indexed, which it was, Plaintiff fails to allege, and cannot allege, that Borrower's Deed was also not properly recorded and indexed against the Property. *See* **Exhibit A** (Borrower Deed) to Robbin Decl.   Because the Borrower Deed, which was recorded and indexed against the Property, clearly references the Mortgage on the RP-5217 NYC page of the Borrower Deed, Plaintiff is on record notice of the Mortgage.[3]  *See* **Exhibit A** (Borrower Deed) to Robbin Decl.

Third, Plaintiff's argument is without merit because, even if true, until the Order to Show Cause in the Foreclosure Action is determined[4], U.S. Bank can always move to amend its Foreclosure Complaint to reform the Mortgage description.  *See Green Tree Servicing, LLC v. Molini*, 171 A.D.3d 880, 882, 98 N.Y.S.3d 136(2d Dep't 2019) (holding that the cause of action to reform the mortgage on the ground of mutual mistake was timely) (citing *Davis v. Davis*, 95 A.D.2d 674, 675, 463 N.Y.S.2d 462 (1st Dep't 1983) ("action to reform an agreement based on mutual mistake must be commenced within six years of the occurrence or two years from the discovery of the mistake") (internal citations omitted)).  Here, U.S. Bank's cause of action would be within the statute of limitations.  *See* CPLR 203 (f) ("claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed…");  *U.S. Bank Nat'l Ass'n v. Gestetner*, 103 A.D.3d 962, 960 N.Y.S.2d 227 (3d Dep't 2013).

---

[3] RP-5127 indicates that Borrower purchased the Property for $1,250,000.00.  *See* **Exhibit A** to Robbin Decl. Borrower executed two Mortgages on October 17, 2021: the Mortgage in the amount of $1,0000.00 recorded on November 3, 2006 in CRFN 2006000616135 and a mortgage in the amount of $250,000 recorded on November 3, 2006 in CRFN 2006000616136.  *See* **Exhibit H** to Robbin Decl.
[4] U.S. Bank still has a pending motion for relief from stay in the corresponding Bankruptcy Action, seeking relief to allow it to continue to prosecute the Foreclosure Action. [Bankruptcy ECF Doc. Nos. 25, 38, 39].  *See* Robbin Decl., ¶ 24.

Finally, Plaintiff ratified the conveyance and is also barred by the doctrine of laches from contesting the Mortgage at this late date. *See Congregation Yetev Lev D'Samtar v. 26 Adar N.B. Corp.*, 219 A.D.2d 186, 191, 641 N.Y.S.2d 680 (2d Dep't 1996) ("by waiting approximately 12 years to challenge the 1978 transfer – about which it knew or had every reason to know – the plaintiffs either ratified the conveyance, or they are barred by the doctrine of laches from contesting it at this late date . . .").  Here, the Mortgage was recorded on November 3, 2006 (*see* **Exhibit J** and **Exhibit H** to Robbin Decl.) and Plaintiff claims to come into possession of the Property by Plaintiff's Deed dated September 1, 2016 (*see* **Exhibit G** to Robbin Decl.), but Plaintiff waited until September 8, 2021 – *over five (5) years after he purportedly took title to the Property* – to challenge the Mortgage.  Because of Plaintiff's delay of five (5) years to challenge the Mortgage, which was recorded on the Property at the time Plaintiff purportedly took title (*see* **Exhibit J, Exhibit G,** and **Exhibit H** to Robbin Decl.), Plaintiff is now barred by the doctrine of laches from contesting the Mortgage. For these reasons, Plaintiff's Adversary Complaint must be dismissed.

### B.        Plaintiff Cannot Seek to Void the Mortgage Pursuant to 11 U.S.C. § 544(a)(3) Because it is Not a *Bona Fide* Purchaser

Because Plaintiff had both actual and constructive notice of the Mortgage, (*see* Point II(A), *supra*), Plaintiff cannot seek to void the Mortgage pursuant to 11 U.S.C. § 544(a)(3) because it is not a *bona fide* purchaser under N.Y. Real Property Law § 291.

11 U.S.C. § 544(a)(3) mandates:

> (a) [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable –
>
> (3) by a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer

>to be perfected, that obtains the status of a bona fide purchaser and
>has perfected such transfer at the time of the commencement of the
>case, whether or not such a purchaser exists.

"[11 U.S.C.] § 544(a)(3) confers upon a trustee all the rights and powers of a bona fide purchaser. Taken literally, these words neither create a federal BFP nor convert a trustee into a BFP; § 544(a)(3) simply empowers a trustee generally and the plaintiff here to exercise the rights and powers of a hypothetical BFP." *In re Asher*, 488 B.R. 58, 66 (Bankr. E.D.N.Y. 2013) (internal quotation and citation removed).

A "bona fide purchaser" is a defined "as a party who paid valuable consideration for a property without actual or constructive notice of prior adverse claims and in good faith." *In re Asher*, 488 B.R. at 68 (citing Black's Law Dictionary 1355 (9th ed. 2009)).  Consideration is required to obtain BFP status. *Id.*

"If actual or constructive notice was available, the common law had thus defined 'BFP' in such a way as to foreclose the possibility of a purchaser assuming such a position decades before the term materialized in § 544(a)(3)." *In re Asher*, 488 B.R. at 68 (citing *First Nat'l Bank v. Nat'l Broadway Bank*, 156 N.Y. 459 (1898) (a party cannot be a BFP due to its constructive notice of the adverse interest) and *Kirsch v. Tozier*, 143 N.Y. 390 (1894) (denying a party the status of a BFP as it "had constructive notice of every fact which could have been ascertained by an inspection of the deeds, or mortgages")).

"[I]n order to become a BFP, a purchaser must first prove those definitional elements not expressly overridden by Congress by the text or the clear import of § 544(a)." *In re Asher*, 488 B.R. at 69 (citing *In re Balco Quities Ltd.*, 2006 Bankr. LEXIS 5055, at *26-28 (Bankr. S.D.N.Y. Mar. 28, 2006)).

Thus, a plaintiff is not automatically turned into a BFP under the statute, but, instead, the statute only awards the plaintiff the powers and rights of such purchaser.  *In re Asher*, 488 B.R.

at 70. The Court must also turn to N.Y. Real Property Law to determine whether a plaintiff could claim and prove itself to be a BFP. *Id.* at 72.

"Two provisions of New York law protect a bona-fide purchaser: N.Y. RPL § 266 (which states that the title of a purchaser for consideration is not affected unless the purchaser had prior notice of fraud) and N.Y. RPL § 291 (stating that a bona-fide purchaser of real property take free of unrecorded interests)." *Id.* at 72.  RPL § 291 requires "that a purchaser prove an absence of 'actual or constructive notice' as an implied component of 'good faith.'" *Id.*

"Under New York law, constructive notice of an adverse interest, including a mortgage, will be implied if a purchaser would have uncovered that interest's existence through (1) an examination of the county record as to the subject property, (2) reasonable inquiry of those in actual possession, or (3) reasonable inquiry on the basis of all known circumstances." *Id.* at 72-73.  "Unlike actual notice, constructive notice is a legal fiction and leads to the imputation of knowledge of all facts, if apparent in the county record or likely to have been disclosed during a diligent inquiry, to any purchaser." *Id.* at 73.

Thus, unless constructive notice of the mortgage was unattainable, the plaintiff cannot exercise the rights and powers of a BFP under 11 U.S.C. § 544(a)(3), because a BFP can never exist under RPL § 291. *Id.* at 73 ("[a]ccordingly, unless constructive notice of the Option One Mortgage was unattainable, the Plaintiff cannot exercise the rights and powers of a BFP under § 544(a)(3), for a BFP can never exist under N.Y. RPL § 291.").

"In New York, a good faith purchaser is deemed to have constructive notice of any deed or instrument properly recorded. . . Thus, until the mortgage is either cancelled or struck from the county's record, any purchaser will be presumed to have legally sufficient knowledge of every

instrument in the chain of title." *Id.* (citing *Fairmont Funding, Ltd. V. Stefansky*, 301 A.D.2d 562, 563-564, 754 N.Y.S.2d 54 (2d Dep't 2003).

This Court has held that no purchaser can lack constructive notice of a mortgage due to its recording years prior to the debtor's filing and, therefore, no buyer could purchase the property without courts presuming the buyer's knowledge of the mortgage and, therefore, denying that purchaser's effort to assert the powers and rights of a BFP. *In re Asher*, 488 B.R. at 73-74 (citing *O'Connell v. JP Morgan Chase Bank Assoc.*, 2012 U.S. Dist. LEXIS 275388, at *7 (E.D.N.Y. Feb. 2012). Thus, the plaintiff would not be allowed to avoid the mortgage pursuant to 11 U.S.C. § 544(a)(3). *In re Asher*, 488 B.R. at 74 (holding, "since the constructive notice imputed to all purchasers of the Debtor's property pursuant to N.Y. RPL § 291 of the Option One Mortgage makes it impossible for any possessor to claim to be a BFP even in theory, this Court concludes that the Plaintiff cannot exercise the rights and powers of a hypothetical BFP pursuant to § 544(a)(3).").

Here, Plaintiff had both actual and constructive notice of the Mortgage. First, the Mortgage was recorded in the City Register on November 3, 2006 in CRFN 2006000616135 and the Mortgage was not cancelled or struck from the City Register, nor was it satisfied. *See* **Exhibit J** and **Exhibit H** to Robbin Decl. Notably, Plaintiff admits that the Mortgage was recorded in the City Register on October 27, 2006 and "the mortgage did grant American a mortgage lien on the Property." *See* **Exhibit K** (Adversary Complaint), ¶¶ 18-19. Thus, Plaintiff had actual knowledge of the Property due to its recording in the City Register on November 3, 2006. *See In re Asher*, 488 B.R. at 73. Plaintiff also had constructive notice of the Mortgage, as it was referenced in the Deed recorded against the Property. *See* Point II(A), *infra*.

Plaintiff filed the Adversary Complaint on September 8, 2021, *almost fifteen (15) years after* both the Mortgage and Deed were recorded.   *See* **Exhibit K, Exhibit J, Exhibit H**, and **Exhibit A** to Robbin Decl.   Since constructive notice was imputed to Plaintiff pursuant to RPL § 291, Plaintiff cannot claim to be a BFP and, therefore, Plaintiff cannot exercise the rights and powers of a BFP pursuant to 11 U.S.C. § 544(a)(3).   *In re Asher*, 488 B.R. at 73-74.  Thus, Plaintiff is unable to avoid the mortgage pursuant to 11 U.S.C. § 544(a)(3).   *Id.*

For these reasons, Plaintiff's first cause of action must be dismissed.

**C.**      **Plaintiff Lacks Standing to Assert its Claims Because it is Not the Record Owner of the Property**

Plaintiff also lacks standing as the alleged owner of the Property to assert its claims to void and expunge the Mortgage.

 "A deed made by one without title is void and cannot convey an interest in real estate." *Herman v. 36 Gramercy Pk. Realty Assoc., LLC*, 2017 N.Y. Misc. LEXIS 1536, at *37, 2017 N.Y. Slip. Op. 30835(U) (Sup. Ct. N.Y. Cnty. April 21, 2017).

In addition, even if a deed is not void on its face, New York's Real Property Law Section 265-a(8)(a) provides any transaction involving residential real property in foreclosure or, where applicable, default … is voidable and the transaction may be rescinded by the equity seller within two years of the date of the recording of the conveyance of the residential real property in foreclosure.  See RPL § 265-a(8)(a) (emphasis added); *Puzzuoli v. JPMorgan Chase Bank, N.A.*, 55 Misc.3d 417, 422, 49 N.Y.S.3d 228 (Sup. Ct. Dutchess Cnty. Nov. 29, 2016) (plaintiff submitted competent and admissible evidence demonstrating that the deed should be nullified on the grounds that it was the product of an illegal scheme); see generally *Washington Mutual Bank v. Sholomov*, 20 Misc.3d 773, 862 N.Y.S.2d 890 (Sup. Ct. Nassau Cnty. 2008).

Here, Borrower executed a Notice of Rescission of the 10821 Holdings Deed dated December 4, 2015 and recorded on December 9, 2015.  See **Exhibit E, Exhibit F,** and **Exhibit D** to Robbin Decl.  The Notice of Rescission was recorded exactly two years from the date of the recording of the 10821 Holdings Deed.  *Id.*  Accordingly, Borrower timely filed the Notice of Rescission pursuant to RPL § 265-a(8)(a).  As such, the Plaintiff's Deed was void because 10821 Holdings LLC lacked the authority to transfer title to Debtor after the deed to it was rescinded.

Moreover, Plaintiff purportedly purchased the Property from 10821 Holdings LLC with notice of the recorded Notice of Rescission.  *See* **Exhibit E, Exhibit F,** and **Exhibit D** to Robbin Decl.  Therefore, Plaintiff is not a bona fide purchaser and does not have a valid interest in the Property.  *Yen-Te Hsueh Chen v. Geranium De. Corp*., 243 A.D.2d 708, 709, 663 N.Y.S.2d 288, 289 (2d Dep't 1997) (holding the status of a "good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such"); Williamson v. Brown, 15 NY 354, 362 (1857) (" . . . where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed, either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered a bona fide purchaser") (emphasis added).

Thus, Plaintiff has no ownership interest in the Property that is part of the estate within the meaning of 11 U.S.C. § 541.  See 11 U.S.C. § 541(a)(1) (property of the estate is defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case").

**D.**    **Plaintiff Cannot Recover the Value of the Mortgage from U.S. Bank Pursuant to 11 U.S.C. § 550(a)(1)**

Plaintiff seeks to recover the value of the Mortgage from U.S. Bank pursuant to 11 U.S.C. § 550(a)(1).  But, Plaintiff misreads and misapplies the statute.

11 U.S.C. § 550(a)(1)-(2) mandates that, to the extent a transfer is avoided under § 544, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, **the value of such property** from – (1) the initial transferee of such transfer or the equity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."  (emphasis added).

First and foremost, a transfer must first be avoided.  *See Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 464 B.R. 606, 613 ("***Once a transfer has been avoided***, Bankruptcy Code § 550 provides that the trustee/debtor-in-possession may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . .").  (emphasis added).  Here, the Mortgage has not been voided pursuant to 11 U.S.C. § 544.  *See* Point __, *supra*.  Thus, 11 U.S.C. § 550 is inapplicable and, therefore, Plaintiff's Second Cause of Action must be dismissed on this basis alone.

Regardless, Plaintiff claims to own the Property.  *See* **Exhibit K** (Adversary Complaint), ¶¶ 1.  Thus, if the Mortgage was voided, Plaintiff would retain the value of the Property, which would render the application of 11 U.S.C. § 544 moot.

In the event that the Court finds that the Mortgage should be voided pursuant to 11 U.S.C. § 544, which it should not, and if the Court determines that Plaintiff did not obtain the value of the Property, which it would, 11 U.S.C. § 550(a), does not indicate that the trustee recovers the amount of the mortgage, but, instead, **the value of the property**.  *See* 11 U.S.C. § 550.  But, where a mortgage is recorded and, thus, any transfer is taken subject to the mortgage, any amount

remaining on the mortgage must first be subtracted from the value of the property before a value is awarded. *Geltzer v. Borriello (In re Borriello)*, 329 B.R. 367, 381 (Bankr. E.D.N.Y. 2005).

Therefore, since the Mortgage is recorded in the City Register, any recovery by Plaintiff would be limited to the value of the Property less the total amount due under the Mortgage.

## **CONCLUSION**

For all of the foregoing reasons, U.S. Bank respectfully requests that the Court enter an order: (i) granting U.S. Bank's Motion in its entirety and dismissing the Adversary Complaint, with prejudice; and (ii) for such other and further relief as the Court deems just and proper.

Dated: Armonk, New York
        November 11, 2021

Respectfully submitted,

**J ROBBIN LAW PLLC**

By: */s/ Jonathan M. Robbin*_____
        Jonathan M. Robbin
        Jacquelyn A. DiCicco
        200 Business Park Drive, Suite 103
        Armonk, New York 10504
        Tel: (914) 685-5017
        *Attorneys for Defendant, U.S. Bank National*
        *Association as Legal Title Trustee for*
        *Truman 2016 SC6 Title Trust*